MARY E. CONWAY, APPELLANT, *v.* JOHN F. MOULTON, SURVIVOR, ETC., RESPONDENT.

*Code,* § 399.

J. Conway sold certain tools to the plaintiff, his daughter; afterward he engaged in the service of the defendants, and, with the consent of the plaintiff, agreed with them that the use of the tools should be transferred to them for an indefinite time, for whatever the use should be worth. When the work ceased the tools were left with the defendants, and this action was brought to recover them. Upon the trial plaintiff offered to prove by Conway, that he had demanded the tools from the defendant Russell, who was dead at the time of the trial, and that he had refused to deliver them. *Held,* that the evidence was properly rejected as inadmissible, under section 399 of the Code.

APPEAL from a judgment in favor of the defendant, entered upon the dismissal of the plaintiff's complaint at the Circuit.

*J. C. Cochrane,* for the appellant.

*W. F. Coggswell,* for the respondent.

GILBERT, J.:

James Conway sold the tools in controversy to the plaintiff, who is his daughter. Afterward he engaged in the service of the defendants, and with the consent of his daughter, himself made an agreement with them whereby the use of the tools in the prosecution of the same work in which the father was employed was transferred to them for an indefinite period, for what the said use should be worth. When this work ceased, the tools were left in the possession of the defendants, and this action is brought to recover the value thereof, upon the allegation that they had been demanded from the defendant Russell, who died before the trial, and that Russell refused to deliver them. Upon the trial the plaintiff

offered to prove by James Conway the demand and refusal. The court refused to allow the witness to testify to those facts, and the plaintiff excepted. This exception presents the only question in the case. Section 399 of the Code prohibits the examination of any person from, through or under whom the plaintiff derives any interest or title, as a witness, in regard to any personal transaction or communication between such witness and a deceased person against the survivor of such deceased person. This prohibition exactly fits this case. After Russell died the action proceeded against Moulton, as surviving partner. The plaintiff derived title to the tools from James Conway. He made the agreement with the defendants for the use of them. So far as the evidence shows, he was the ostensible party to the transaction with the defendants. True, he testified that he spoke to his daughter about it, and she replied that she was satisfied with any thing he did; but all the business was done with James Conway, as principal. For aught that appears, the defendants had no knowledge that the plaintiff or any one besides James Conway owned or had any interest in the tools. The case, therefore, is not only within the words of the statute, but is also within its object and intent. When a vendor sells property, and after the sale acts in the disposition of it openly, and in fact, as the agent of the vendee, the transaction may, perhaps, be regarded as one with the principal although had personally with the agent, and so, if within the letter, is not within the equity of the statute. But a transaction like this is, we think, clearly within both.

The judgment must be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Ordered accordingly.